# IN THE COURT OF APPEALS OF IOWA

No. 17-1014
Filed February 21, 2018

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**JEROME TIMOTHY SHADE,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

　　　Jerome Timothy Shade appeals his sentences following his convictions for burglary in the second degree and intimidation with a dangerous weapon. **AFFIRMED.**

　　　Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

　　　Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Jerome Timothy Shade appeals his sentences following his convictions for burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5 (2016), and intimidation with a dangerous weapon, in violation of Iowa Code section 708.6. We find the district court did not abuse its discretion by sentencing Shade to consecutive terms of imprisonment. We affirm Shade's convictions.

Shade forced his way into his girlfriend's apartment, threatened her, and while she called 911, fired his gun near her head. Shade pleaded guilty on April 28, 2017. The prosecutor initially agreed to recommend probation at the time of sentencing as long as Shade abided by the terms imposed for his release. Shade was sentenced on June 28. During the two months prior to sentencing, Shade violated a no-contact order and was found to be in contempt. Shade told the district court at sentencing he understood he needed to change and was prepared to change. The State remained silent in regards to sentencing. Shade was sentenced to ten years in prison on each count to be served consecutively. The district court cited Shade's age, employment, extensive criminal history, multiple probation violations, the nature of the offense, and the plea agreement. Shade now appeals.

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on

untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

Shade claims the district court's balancing of the factors should have favored probation. Shade points out he was cooperative with the State and assisted in solving several open criminal cases, made statements to the court indicating he was ready to change his life, and the State made no recommendation regarding sentencing. The district court stated, "About the only thing that we have to try and evaluate future behavior is past behavior. And we can't evaluate future behavior simply based on what someone says." The district court noted a nearly uninterrupted twenty-year history of criminal behavior, numerous probation violations and revocations, disciplinary infractions during previous periods of imprisonment, and Shade's recent violation of a no-contact order. Shade's past behavior indicates he is unable or unwilling to change his behavior. The district court listed the specific and permissible considerations used to arrive at its sentencing decision. We find the district court based its decision on reasonable and valid criteria and did not abuse its discretion. *See id.* Pursuant to Iowa Court Rule 21.26(1)(a) and (e), we affirm the district court.

**AFFIRMED.**